Peter Nemier, Appellant, *v.* Thomas B. Riter and William H. Conley, trading as Riter & Conley.

*Negligence—Master and servant—Fellow servant—Defective floor.*

In an action by a workman against his employer to recover damages for personal injuries caused by one of the planks of the flooring over a pit slipping from the edge of a joist, it appeared that it was sometimes necessary to remove the flooring over the pit when the pit was to be used; this was done by the regular carpenter of the shop. Eight days before

the .accident the floor had been removed, and when the carpenter was about to put it down again, the foreman suggested to him that the plank should be nailed to cross-pieces, so that they could be taken up and replaced in one piece. The carpenter replied that the planks in use were not long enough, and he was told to put the floor down, and to see the superintendent and get lumber to make a cover in one piece. He put the floor down without nailing it, and applied for new lumber, and two days after the first application he called the superintendent's attention to the fact that the lumber had not been furnished him. *Held,* (1) that the evidence was insufficient to show negligence upon the part of the defendants; (2) that the negligence, if any, was that of the carpenter, a fellow-workman; (3) that a nonsuit was properly entered.

Argued Nov. 6; 1896. Appeal, No. 185, Oct. T., 1896, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1893, No. 424, entering nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was entry for nonsuit.

*L. K. Porter,* with him *S. G. Porter,* for appellant.—It is the duty of the master to furnish the employee with suitable machinery and appliances; to furnish materials sufficient in quantity and suitable in character: Ross v. Walker, 139 Pa. 50; Cooley on Torts, 2d ed. 663; Cougle v. McKee, 151 Pa. 602; Murphy v. Grossan, 98 Pa. 495; Wharton on Negligence, sec. 208; Wilson v. Willimantic Linen Co., 50 Conn. 433.

*W. P. Potter,* with him *Wm. A. Stone,* for appellees, cited Ross v. Walker, 139 Pa. 50.

OPINION BY MR. JUSTICE FELL, January 4, 1897:
The duty of the defendants in regard to the safety of their premises and the competency of their workmen was not in dispute, nor was the manner in which the duty had, in general, been performed. The claim of liability was upon the ground that their superintendent in a particular instance failed to furnish suitable material for the construction of a floor on which the plaintiff was injured. The case rests entirely upon the testimony of the carpenter who built the floor. If he asked for

new planks for the reason that a safe floor could not be made with the old ones, the case should have gone to the jury. If his request for new material was to enable him to build a different kind of floor, and the old material was suitable for a floor of the kind that had been in use, and the only defect was in not nailing the planks, the negligence was that of a fellow-workman, and the nonsuit was properly entered.

The plaintiff was employed in operating a machine used for punching boiler plate. In order to secure more space for the handling of curved plates an excavation or pit ten feet long by eight feet wide and three feet deep had been made directly in front of the machine. In making the pit a section of the floor had been taken up, and this was replaced when the use of the pit was not required. The floor consisted of two-inch planks nailed to two-by-eight joists. It was the business of the carpenter who was constantly employed at the defendant's shops for such work to take up and put down the floor when required. The last time he put it down he omitted to nail the planks to the joist. After the floor had been in use eight days one of the planks slipped from the edge of a joist, causing the plaintiff's injury. The plaintiff had been employed in the shop for three years; knew of the pit and of the manner in which it was covered, and was familiar with all of his surroundings. Shortly before the accident he had worked for eight weeks in the pit, and immediately before it he had worked for eight days on the floor. There was no defect in the planks or joist, and the floor as laid was solid and strong, and would have been entirely safe if nailed. The accident resulted from one of the planks becoming displaced; it would have been avoided if the plank had been nailed to the joists. These facts are clearly established, and are not in dispute; but there is a part of the testimony from which it is claimed that an inference may be drawn which will sustain the right of action.

It had been the custom of the carpenter in removing the floor to take the planks up separately. When he was about to put it down the last time before the accident the foreman suggested to him that the planks should be nailed to cross-pieces so that they could be taken up and replaced in one piece like a trapdoor. He replied that that would require new planks, as the pieces then in use were not long enough, and he was then told

to put the floor down, as it was wanted for immediate use, and to see the superintendent and get lumber to make a cover in one piece. He put the floor down and told the superintendent that he would need new planks to make such a cover as the foreman wished, and again at the end of two days called his attention to the fact that the lumber had not been received. This is the substance of the testimony of a witness very willing to shift from his own shoulders the responsibility for the accident, and it is all that can be made of it. He admits that he had material to construct the floor as it had been constructed before, and that it would have been safe if the planks had been nailed. He says he put it down for temporary use, and undoubtedly he failed to nail it because he expected to take it up soon. But this was wholly at his own instance. He knew that · the floor was to remain until the work for which the machine was then wanted should be finished; he was supplied with suitable materials, ample in quantity and quality, and his discretion as to the manner in which the work should be done was not interfered with in the slightest degree. His request for the new material was not for the reason that it was needed to make a secure floor, but to make a floor of a different kind, and he told no one that he had not made the floor secure. Making every allowance for the fact that the witness was a German, and not able to express his thoughts clearly in our language, and giving the plaintiff the benefit of every inference of fact that can be reasonably drawn from the testimony, we think that he has not succeeded in showing any negligence on the part of the defendants.

The judgment is affirmed.